```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON


DAVID NELSON,

        Plaintiff,

v.                                 Case No. 2:09-cv-01316

PROSECUTOR C. MICHAEL SPARKS and
MINGO COUNTY PROSECUTOR'S OFFICE,

        Defendants.
```

**PROPOSED FINDINGS AND RECOMMENDATION**

This is a civil rights action in which Plaintiff, an inmate at Huttonsville Correctional Center, seeks an "injunction ordering that the defendants deliver all DNA evidence to the plaintiff's attorney, Gregory Blackburn, or a DNA laboratory for testing as provided by the plaintiff." (Complaint, docket # 2, at 5.)

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the

well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court elaborated on its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombley*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombley*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

The factual background of Plaintiff's first prosecution is set forth in detail in State v. Nelson, 655 S.E.2d 73 (W. Va. 2007). Shortly after the horrific rape and murder of Wanda Lesher during the night of August 30-31, 2002, Alfred Dingess, Jr. gave police a statement implicating himself and Aaron Nelson (Plaintiff's brother). 655 S.E.2d at 76. Fourteen months later, Zandell Bryant gave police a statement implicating himself, Clinty Nelson (another brother of Plaintiff) and Plaintiff. Id. Alfred Dingess then gave police another statement and included Plaintiff as one of the perpetrators. Id. Aaron Nelson and Clinty Nelson are serving sentences of life imprisonment without the possibility of parole. Id. Alfred Dingess and Zandell Bryant are serving sentences with eligibility for parole. Plaintiff told police he was at work; at trial he, his wife and his daughter testified that he was at home on the night in question. Id. at 76-77.

The Supreme Court of Appeals of West Virginia ("SCAWV") reversed Plaintiff's convictions for first degree murder, kidnapping, sexual assault in the first degree and three counts of conspiracy relating to those offenses and remanded for a new trial. The SCAWV concluded that Plaintiff was denied a fair trial when the

---

[1] A motion to dismiss has not been filed in this case yet. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

prosecution introduced hearsay evidence that Plaintiff sexually assaulted his younger sister in 1983 or 1984.[2] Id. at 80-81. The SCAWV wrote that Dingess and Bryant testified that Plaintiff sexually assaulted Wanda Lesher and participated in killing her, and that her body was placed in the pick-up truck which Plaintiff had driven to the scene. 655 S.E.2d at 76. The SCAWV noted that "[n]o physical evidence, however, directly connected the appellant [Plaintiff] with those terrible crimes, and, thus, the verdict of the jury rested largely upon the credibility of the witnesses, primarily Alfred Dingess, Jr., and Zandell Bryant." Id. at 80. In another civil rights action filed in this court, Nelson v. Thornsbury, No. 2:09-cv-1108 (Copenhaver, J.), Plaintiff alleges that after the reversal of his convictions, he pled guilty to conspiracy to commit first degree murder and to second degree murder only because the prosecuting attorney conspired with Plaintiff's wife to eliminate his alibi defense and threatened to arrest Plaintiff's father, brother and nephew if Plaintiff did not accept the plea agreement.

In this action, Plaintiff alleges that "he is totally and completely innocent." He asserts that DNA evidence was collected from Wanda Lesher and that the prosecutor and Plaintiff's defense attorney would not get DNA testing done to determine if Plaintiff's

---

[2] There was no prosecution or other proceedings against Plaintiff in connection with this alleged sexual assault.

DNA was present. He contends that the defendants are violating his right to access to post-conviction DNA evidence.

In District Attorney's Office for the Third Judicial Circuit v. Osborne, ___ U.S. ___, 129 S. Ct. 2308, 2320 (2009), the Supreme Court held that the due process principles of Brady v. Maryland do not extend to the postconviction context. The Court held that states have flexibility in developing procedures for dealing with requests for postconviction DNA testing, and that "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Id. The West Virginia Legislature has provided a comprehensive statutory framework within which Petitioner may file a motion in state court seeking DNA testing of evidence that was not utilized at his trial pursuant to West Virginia Code § 15-2B-14 (2004). If such testing results in newly discovered evidence calling into question his guilt, Petitioner may seek postconviction relief in state court pursuant to West Virginia Code § 53-4A-1 et seq. There is no indication that Petitioner has filed such a motion in state court, and he has not demonstrated that the postconviction procedures afforded by the state are inadequate to vindicate his substantive rights. For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not shown that West Virginia's postconviction DNA testing procedures are inadequate.

It is respectfully **RECOMMENDED** that this case be dismissed for failure to state a claim upon which relief can be granted and that Plaintiff's Application to Proceed without prepayment of fees and costs (# 1) be denied.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to opposing counsel and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

<table>
<tr><td>January 12, 2010<br>Date</td><td>/s/ Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>