IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID NELSON,

          Plaintiff,

v.                                     CIVIL ACTION NO.  2:09-cv-01316

PROSECUTOR C. MICHAEL SPARKS, and
MINGO COUNTY PROSECUTOR'S OFFICE

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is pro se Plaintiff David Nelson's Objections to Proposed Findings and Conclusions of Law [Docket 8].  Plaintiff filed these objections to Magistrate Judge Stanley's proposed findings and recommendation (PF&R) on February 22, 2010.  However, the objections were filed after the February 1, 2010 deadline and after the Court had dismissed the case on February 12, 2010.  The Court now **REOPENS** the case to resolve Plaintiff's objections.

      Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff's objections are the type of vague and conclusory objections contemplated by *Opriano* that do not merit review by this Court. Additionally, the objections do not address the issues discussed in the PF&R. Further, the Court agrees with the Magistrate Judge's analysis that postconviction relief of this sort should be sought in West Virginia state court. "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Attorney's Office for the Third Judicial Circuit v. Osborne*, ___ U.S. ___, 129 S. Ct. 2308, 2320 (2009). West Virginia Code § 15-2B-14 enables prisoners to move the trial court for DNA testing and West Virginia Code § 53-4A-1 provides the framework for any postconviction relief resulting from any newly discovered evidence. Because Plaintiff has not filed such a motion in state court and has not demonstrated that the West Virginia procedures are inadequate, he cannot pursue a § 1983 claim in federal court.

Additionally, Plaintiff's allegation that his plea was made under duress is also not procedurally proper.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas courpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's original convictions of first degree murder, kidnapping, sexual assault in the first degree, and three counts of conspiracy relating to those offenses were overturned and remanded for a new trial. *State v. Nelson*, 655 S.E.2d 73 (W. Va. 2007). However, on remand, Plaintiff entered a guilty plea to one count of second degree murder and one count of conspiracy to commit murder. The convictions for which he pled guilty remain intact. His § 2254 motion was also dismissed. *Nelson v. Hoke*, 2:09-cv-1023, 2010 WL

2507785 (S.D. W. Va. June 18, 2010). Because Plaintiff has not met the requirements of *Heck*, his case must be **DISMISSED** and the objections regarding a plea under duress are **OVERRULED**.

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections [Docket 8] and and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

Furthermore, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases. Plaintiff has not made a substantial showing of the denial of a constitutional right and the Court finds no merit to Plaintiff's claims. Therefore, the Court **DENIES** a certificate of appealability in this case.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 28, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

3